UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-269-GWU

HAROLD R. STIVERS,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

1

11-269  Harold R. Stivers

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

2

11-269  Harold R. Stivers

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

11-269  Harold R. Stivers

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ."
Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional
impairment is significant, the Commissioner may still use the rules as a framework
for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);
however, merely using the term "framework" in the text of the decision is insufficient,
if a fair reading of the record reveals that the agency relied entirely on the grid.  Id.
In such cases, the agency may be required to consult a vocational specialist.
Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial
evidence to support the Commissioner's decision may be produced through reliance
on this expert testimony only if the hypothetical question given to the expert
accurately portrays the plaintiff's physical and mental impairments.  Varley v.
Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Harold Stivers, was found by an ALJ to have "severe"
impairments consisting of degenerative disc disease of the cervical spine requiring
an anterior cervical diskectomy and fusion of C3-4, C4-5, and C5-6, and peripheral
vascular disease.  (Tr. 47).  Nevertheless, based in part on the testimony of a
Vocational Expert (VE), the ALJ determined that Mr. Stivers retained the residual
functional capacity to perform a significant number of jobs existing in the economy,

5

and therefore was not entitled to benefits.  (Tr. 48-51).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age (46 at the time of the hearing), high school equivalency education, and work experience as a drywaller and rural mail carrier could perform any jobs if he were able to lift, carry, push and pull 20 pounds, stand and walk 15 minutes at a time for two hours in an eight-hour day, and sit one hour at a time for six hours in an eight-hour day, and also had the following non-exertional restrictions.  He: (1) could never climb ladders, ropes, and scaffolds; (2) could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; (3) had a limited ability to reach in all directions; and (4) needed to avoid all exposure to hazards.  (Tr. 22-6).  The VE responded by identifying three jobs that such a person could perform: non-hazardous security guard or watchman, order clerk, and general clerical worker, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 24-25).  If the individual also were restricted to only occasional fingering and handling, the VE testified that it would "significantly reduce most of the jobs that I've mentioned," and "[t]he only one it would not necessarily significantly reduce would be the security guard worker or industrial gate guard."  (Tr. 25-26).  She did not specify the exact number of gate guard positions which would remain. (Tr. 26).

11-269  Harold R. Stivers

The ALJ ultimately found in her decision that the plaintiff <u>was</u> limited to occasional fingering and handling, but indicated that all three jobs originally identified by the VE would still be available.  (Tr. 48, 50).

As the plaintiff points out, the ALJ erred on this point.  Clearly, with the handling and fingering restriction added, the VE's testimony was that the order clerk and general clerical worker jobs would not be available.  Moreover, the VE's testimony regarding the one remaining job was given in a peculiarly ambiguous phrasing, in that she stated that a restriction to occasional handling and fingering would "not necessarily significantly reduce" the job numbers.  Given that it is the Commissioner's burden at Step Five to show that there are a significant number of jobs the claimant can perform, a remand will be required in order to clarify this point.

The court does not agree with a related issue the plaintiff raises regarding an inconsistency between the ALJ's testimony and the job descriptions given in the <u>Dictionary of Occupational Titles</u> (DOT).  The plaintiff notes that the DOT descriptions of all three jobs indicate that they require "frequent" handling and reaching, and the order clerk and office helper jobs also require frequent fingering.  <u>See</u> DOT 372.667-034 (order clerk), 209.567-014 (order clerk), and 239.567-010 (office helper).  However, the Sixth Circuit has long held that the DOT definitions do not automatically "trump" the vocational testimony, and the ALJ is free to accept the VE's testimony over the DOT.  <u>Conn v. Secretary of Health and Human Services</u>,

51 F.3d 607, 610 (6th Cir. 1995).  Social Security Ruling (SSR) 00-4p does require the ALJ to inquire of the VE whether the job information in his or her testimony conflicts with the DOT, and obtain a reasonable explanation for <u>apparent</u> conflicts. SSR 00-4p, at *4.  However, the Sixth Circuit has held that the regulation is satisfied if the ALJ asks about any conflicts; if the answer is negative, as in this case (Tr. 22-25), there is a "affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct."  <u>Lindsley v. Commissioner of Social Security</u>, 560 F.2d 601, 606 (6th Cir. 2009) (citation omitted).  Essentially, the plaintiff is asking for such an independent investigation on appeal, but because the discrepancy was not "apparent" to the ALJ at the time of the hearing, his argument must fail.[1]

The plaintiff also correctly argues that the brevity of the ALJ's decision constitutes reversible error.  Notably, the ALJ specifically found that, while the plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, Mr. Stivers' statements regarding the intensity, persistence and limiting effects "are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (Tr. 49).  This reflects a finding which the ALJ is required to make under <u>Duncan v. Secretary of Health and</u>

---

[1]Since the case is being remanded on other grounds, the plaintiff will have an opportunity to explore the issue administratively.

11-269  Harold R. Stivers

Human Services, 801 F.2d 847, 853 (6th Cir. 1986).  However, there is no mention, let alone discussion of the plaintiff's testimony and subjective complaints, rendering the finding essentially meaningless.  See 20 C.F.R. § 404.1529, which states, inter alia, that

> (c) Evaluating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work–
>
> *****
>
> (3) Consideration of other evidence.  Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms.  The information that you, your treating or nontreating source, or other persons provide about your pain or other symptoms (e.g., what may precipitate or aggravate your symptoms, what medications, treatments or other methods you use to alleviate them, and how the symptoms may affect your pattern of daily living) is also an important indicator of the intensity and persistence of your symptoms.  Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.  We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating or nontreating source, and observations by our employees and other persons.  Section 404.1527 explains in detail how we consider and weigh treating source and other medical opinions about the nature and severity of your impairment(s) and any related

9

11-269  Harold R. Stivers

symptoms, such as pain.  Factors relevant to your symptoms, such as pain, which we will consider include:

(i)   Your daily activities;

(ii)  The location, duration, frequency, and intensity of your pain or other symptoms;

(iii) Precipitating and aggravating factors;

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

(v)  Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

(4) How we determine the extent to which symptoms, such as pain, affect your capacity to perform basic work activities.  In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section.  We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.  We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other

11-269  Harold R. Stivers

> persons about how your symptoms affect you.   Your
> symptoms, including pain, will be determined to diminish your
> capacity for basic work activities to the extent that your alleged
> functional limitations and restrictions due to symptoms, such
> as pain, can reasonably be accepted as consistent with the
> objective medical evidence and other evidence.

While an ALJ's credibility findings are entitled to great deference, see, e.g., Hardaway, 823 F.2d 922, 928 (6th Cir. 1986), the failure to consider any of the regulatory factors means that the ALJ's findings in the present case are not supported by substantial evidence.[2]

Finally, the plaintiff expends a good deal of effort attempting to show that the plaintiff's residual functional capacity (RFC) was inconsistent with "light" level jobs. Both the VE and the DOT classify the jobs identified by the VE as "light."  The Commissioner's definition of "light" work is lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds.  SSR 83-10, at *5.  Even if the weight lifted is "very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs."  Id.  It adds that "[a] job is also in this category when it involves

---

[2]The plaintiff also notes that the hearing decision contradicts itself by finding that peripheral vascular disease was a "severe" impairment but then states there was no evidence of this condition, and erroneously cites the plaintiff's original onset date of February 5, 2009 rather than his amended onset date of June 1, 2009.  (Tr. 10, 47-8). While these are relatively minor issues, the plaintiff is correct.  However, it was not necessary for the ALJ to go into more detail regarding the Listings of Impairment.  (Tr. 48).  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).

11-269  Harold R. Stivers

sitting most of the time but with some pushing of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." Id.  The plaintiff's position is that the security guard position does not fall under any of these scenarios, since he cannot stand and walk more than two hours a day, and since the job would not involve pushing and pulling above sedentary limits.  He reasons that if the job cannot be "light," it must be "sedentary," but he cannot perform repetitive hand-finger actions required in "most" sedentary jobs, according to SSR 83-10.

It is not entirely clear why both the DOT and the VE defined the security guard position as "light" rather than "sedentary."  In view of the fact that the case is being remanded on other grounds, this is also an issue that can be explored on remand.

The decision will be remanded for further consideration.

This the 11th day of May, 2012.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**